**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50495 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00014-AG |
| v. | |
| MARCUS FLOYD THOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 10, 2010[**]

Before: HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Marcus Floyd Thomas appeals from the 140-month sentence imposed

following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C.

§ 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Thomas contends that the district court failed to explain adequately the sentence imposed. The record belies this contention. The district court rejected Thomas's argument that policy reasons militated in favor of not applying the career offender Guidelines provisions to him. The reasons given by the district court were sufficient to support the sentence. *See United States v. Stoterau*, 524 F.3d 988, 999 (9th Cir. 2008).

Thomas also contends that the sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence was not unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cherer*, 513 F.3d 1150, 1161 (9th Cir. 2008) ("[T]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (internal quotation marks and brackets omitted).

Thomas further contends that the district court committed plain error by imposing an impermissibly vague and overbroad supervised release condition, which, among other things, prohibits him from knowingly displaying any Rolling 60's Crips signs or gestures. Because the condition is neither impermissibly vague

nor overbroad, the district court did not plainly err. *See United States v. Soltero*,

510 F.3d 858, 865-66 (9th Cir. 2007) (per curiam).

**AFFIRMED**.